**TEAMSTERS PENSION TRUST FUND OF PHILADELPHIA & VICINITY and William Einhorn**

v.

**Silas LITTLEJOHN and Teamsters Local Union No. 115.**

**No. CIV. A. 95–7556.**

United States District Court, E.D. Pennsylvania.

Dec. 4, 1998.

---

5. In all other respects, the previous Memoranda and Orders are unchanged.

Frank C. Sabatino, Gary M. Tocci, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, for Teamsters Pension Trust Fund of Philadelphia & Vicinity, William Einhorn, Plaintiffs.

Paula R. Markowitz, Markowitz & Richman, Philadelphia, PA, for Silas Littlejohn, Defendant.

Norton H. Brainard, III, Philadelphia, PA, Walter H. De Treux, Walt De Treux, Teamsters Union Local No. 115, Philadelphia, PA, for Teamsters Local Union No. 115, Defendant.

### *MEMORANDUM AND ORDER*

BECHTLE, District Judge.

Presently before the court are defendant Teamsters Local Union No. 115's ("Local 115") Motion to Stay Proceedings Until a Petition for Certiorari Is Determined by the Supreme Court, the response thereto and plaintiffs Teamsters Pension Trust Fund of Philadelphia & Vicinity's ("the Fund") and William Einhorn's ("Einhorn") (collectively, "Plaintiffs") unopposed Motion and Supplemental Motion for Award of Counsel Fees and Costs. For the reasons set forth below, Local 115's motion will be denied without prejudice and Plaintiffs' motion will be granted.

### I. *BACKGROUND*

The court will briefly restate only the relevant facts. Plaintiffs brought this action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* against Silas Littlejohn ("Littlejohn") and Local 115 seeking a declaratory judgment as to whether Littlejohn was entitled to a pension, and if so, whether Local 115 should be compelled to make contributions to the Fund on his behalf. On January 10, 1997, the court ruled that Littlejohn was entitled to a pension from the Fund. The court also ruled that Local 115 was obligated to make contributions to the Fund on Littlejohn's behalf.

By Order dated September 22, 1997, the court awarded the Plaintiffs $182,750.43 in delinquent contributions, interest and liquidated damages. The court also awarded Plaintiffs attorneys' fees and costs, ordering that Plaintiffs file their petition for attorneys' fees and costs within fifteen days of the Order. On October 7, 1997, Plaintiffs timely filed a Motion for Award of Counsel Fees and Costs in the amount of $49,804.99. On April 28, 1998, the court stayed that motion pending the determination of issues on appeal to the United States Court of Appeals for the Third Circuit. In its brief to the Third Circuit, Local 115 stated that it did not contest Plaintiffs' motion for attorneys' fees. (Pl. Supp. Mot. for Fees & Costs, Ex. A at 3.) On August 26, 1998, the Third Circuit affirmed the court's January 10, 1997 ruling. On September 23, 1998, the Third Circuit denied Local 115's Petition for Rehearing and on October 1, 1998, judgment was entered against Defendants.

On October 6, 1998, Plaintiffs filed their Supplemental Motion for Award of Counsel Fees and Costs seeking additional fees and costs incurred during the appeals process. Plaintiffs' motion was unopposed. However, on October 23, 1998, Local 115 did file a motion to stay proceedings until a petition for certiorari is determined by the Supreme Court. The motion requests that the court stay any action on Plaintiffs' motion for fees and costs until Local 115 decides when and if it will file a petition for a writ of certiorari to the United States Supreme Court. Local 115 has not yet filed such a writ and has not posted a supersedeas bond in this matter. (Sabatino Decl. ¶ 2.)

## II. *DISCUSSION*

### A. *Motion to Stay*

A litigant in federal court may seek to obtain a stay pursuant to Federal Rule of Civil Procedure 62(d), which provides that:

1. Section 1132(g)(2) provides in pertinent part:
 In any action under this subchapter by a fiduciary or on behalf of a plan ... in which a judgment in favor of the plan is awarded, the court shall award the plan—

 (D) reasonable attorney's fees and costs of the action.

[w]hen an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

■ In the instant action, two reasons support the court's decision that Local 115 is not entitled to a stay under Rule 62(d). First, Local 115 has not yet filed a petition for a writ of certiorari with the United States Supreme Court. Second, Local 115 has not posted a supersedeas bond in this matter, nor has it provided the court with a reason why such a bond requirement should be excused in this action. Thus, the court will deny without prejudice Local 115's motion to stay proceedings.

### B. *Plaintiffs' Motion for Attorneys' Fees and Costs*

■ Plaintiffs claim that, pursuant to 29 U.S.C. § 1132(g)(2), the court should award attorneys' fees and costs in the amount of $87,507.64.[1] A reasonable award is calculated using the "lodestar" method, which requires several steps. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). First, the court must determine a reasonable billing rate. *Id.* Second, the court must determine how many hours are reasonable. *Id.* Third, the court multiplies the reasonable number of hours by the reasonable rate to obtain the lodestar. The court may then adjust that figure after weighing other relevant factors. *Id.* at 434–35, 103 S.Ct. 1933. The burden is on the party seeking fees to submit evidence supporting the hours worked and the rate claimed. *Id.* at 433, 103 S.Ct. 1933.

Because the court entered judgment in favor of Plaintiffs in its Order of September 22, 1997, Plaintiffs are entitled to attorneys' fees under section 1132(g).

### 1. *Fees*

 Hourly attorney fee rates are to be calculated according to prevailing market rates in the relevant community taking into consideration the attorney's experience, skill and reputation. *Id.* at 433, 103 S.Ct. 1933; *Student Pub. Interest Research Group v. AT & T Bell Labs.*, 842 F.2d 1436, 1447 (3d Cir.1988). Plaintiffs are requesting $81,-905.00 in attorney fees for 420.3 hours of work spent in preparation for this litigation. The hourly rates for services performed by Plaintiffs' attorneys ranged between $75.00 per hour and $335.00 per hour. Plaintiffs' lead counsel's billing rate in this case is $245.00 per hour. Plaintiff's lead counsel has extensive experience in ERISA litigation and has coauthored a chapter of *ERISA: A Comprehensive Guide* (John Wiley and Sons 1991). Another attorney who substantially participated in preparation for this litigation has a billing rate of $155.00 per hour. As evidenced by Plaintiffs' lead counsel's participation in ERISA litigation and academic work, the court finds that Plaintiffs' lead counsel has extensive experience in this area of the law. The court has reviewed the services rendered and hours spent by Plaintiffs' attorneys in regard to this action, including the work done on its appeal to the Third Circuit. The court is satisfied that both the billing rates and hours spent are reasonable. The court notes that Local 115 has not opposed Plaintiffs' motions for attorneys' fees and costs. Furthermore, the court recognizes that Plaintiffs' lead counsel's billing rate is lower than the $250.00 hourly rate approved by the court with regard to the attorney's fees awarded to Littlejohn's counsel in this action. Therefore, the court will allow attorneys' fees in the amount of $81,-905.00.

### 2. *Costs*

Plaintiffs' attorneys submitted costs for document production, duplications, faxing, messenger and delivery service, postage, velobinding, Westlaw/Lexis, filing and court charges, travel, toll telephone and miscellaneous, totaling $5,602.64. The court does not find these costs unreasonable and again notes that Local 115 has not challenged them. Therefore, the court will allow the amount and add $5,602.64 to the fees allowed for a total award of $87,507.64.

### C. *Summary*

The court finds that the fees and costs allowed were reasonably and necessarily incurred by Plaintiffs' attorneys in preparation for this litigation. Plaintiffs' lead counsel's hourly rate is justified by his expertise and experience and is consistent with community standards. For the reasons explained above, the court will award Plaintiffs' counsel a total of $87,507.64 to be paid by Local 115.

### ORDER

AND NOW, TO WIT, this 4th day of December, 1998, upon consideration of defendant Teamsters Local Union No. 115's Motion to Stay Proceedings Until a Petition for Certiorari Is Determined by the Supreme Court, the response thereto and Plaintiffs Teamsters Pension Trust Fund of Philadelphia & Vicinity's and William Einhorn's unopposed Motion and Supplemental Motion for Award of Counsel Fees and Costs, IT IS ORDERED that:

(1) Teamsters Local Union No. 115's motion to stay is DENIED WITHOUT PREJUDICE; and

(2) Teamsters Pension Trust Fund of Philadelphia & Vicinity's and William Einhorn's motion for attorneys' fees and costs is GRANTED. Defendant Teamsters Local Union No. 115 shall pay Teamsters Pension Trust Fund of Philadelphia & Vicinity's and William Einhorn's attorneys' fees and costs in the amount of $87,507.64, within fifteen (15) days from the date of this Order.